IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GERRY MCSHANE | § | |
| | § | |
| v. | § | 1:16-CV-964-LY |
| | § | |
| PILEPRO STEEL, LP, et al. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Petition to Confirm Arbitration Award (Dkt. No. 1); Respondent PilePro Steel, LLC's Answer and Counter-Petition for Partial Vacatur or Modification of Arbitration Award (Dkt. No. 12); Plaintiffs' Memorandum in Support of Petition to Confirm Arbitration Award (Dkt. No. 23); Defendants' Response to Plaintiff's Brief (Dkt. No. 24); and Plaintiffs' Reply (Dkt. No. 25). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

This case arises from an arbitration between Plaintiff Gerry McShane and Defendant PilePro Steel, LP.[1] The arbitration centered on a contract between McShane and PilePro, which each party alleges the other breached. The arbitrator, Philip Durst, held a hearing on the matter on April 4-5, 2016, and issued his interim opinion on the merits of the parties' claims on May 18, 2016. The

---

[1] McShane also brings this suit against F. Sempe, LLC. However, F. Sempe was not a party to the arbitration, and the Court cannot confirm the arbitration award against it. As such, the undersigned **RECOMMENDS** that the District Court **DENY** McShane's Petition with regard to claims against F. Sempe.

arbitrator found that McShane was due $118,000.00 under the contract between PilePro and McShane. He further issued a final award on June 14, 2016, awarding McShane an additional $110,852.14 for attorney's fees and costs for the arbitration, bringing the total due to $228,852.14. The arbitrator additionally stated that the awards "shall bear pre-award and post-award interest at 5% per annum." Dkt. No. 1 at 3. McShane brings this petition to confirm the arbitration award and enter judgment against PilePro and F. Sempe. PilePro counter-petitions to partially vacate or modify the award under the Texas Arbitration Act and the Federal Arbitration Act.

## II. LEGAL STANDARD

The Federal Arbitration Act (FAA) was enacted to codify "the national policy favoring arbitration and place[] arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Thus, a court's review of an arbitration award is limited. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). The FAA provides that a court may vacate an award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (holding that Sections 10 and 11 of the FAA are the exclusive methods to review an arbitration award). On

the other hand, "[j]udicial deference to arbitration . . . does not grant carte blanche approval to any decision an arbitrator might make." *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583 (5th Cir. 1980). "Arbitration is 'simply a matter of contract between the parties.'" *ConocoPhillips, Inc. v. Local 13-0555 United Steelworkers Int'l Union*, 741 F.3d 627, 630 (5th Cir. 2014) (quoting *First Options*, 514 U.S. at 943). "[A] party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration." *First Options*, 514 U.S. at 945. The arbitrator "can bind the parties only on issues that they have agreed to submit to him." *Piggly Wiggly*, 611 F.2d at 583. Thus, "[i]f an arbitral panel exceeds its authority, it provides grounds for a court to vacate that aspect of its decision." *Smith v. Transp. Workers Union of Am., AFL-CIO Air Transp. Local 556*, 374 F.3d 372, 375 (5th Cir. 2004).

## III. ANALYSIS

McShane moves to confirm the arbitration award. PilePro counter-petitions to partially vacate or modify the arbitration award on three bases. First, PilePro argues that the arbitrator exceeded his powers in awarding attorney's fees. Second, it argues that the arbitrator manifestly disregarded the law on PilePro's breach of contract claims and the arbitrator's award of attorney's fees. Lastly, PilePro moves to modify the award of attorney's fees under both the FAA and the Texas Arbitration Act (TAA).

**A.     Scope of the Arbitration Agreement**

To decide whether an issue is arbitrable, there are "two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 58 (5th Cir. 1996). Here, neither party disputes that a valid arbitration clause exists. However, PilePro argues that the arbitrator acted outside of that scope in his award of certain attorney's fees.

Where there is a valid arbitration clause, "there is a presumption of arbitrability." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). The court must resolve all doubts concerning whether the parties agreed to arbitrate an issue in favor of arbitration. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Thus, "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," the court should find in favor of arbitration. *AT&T Techs.*, 475 U.S. at 650. Moreover, when reviewing a decision under Section 10(a)(4) of the FAA, the decision must be upheld so long as the arbitrator "draw[s] its essence from the contract." *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62 (2000). As long as an arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority," the decision should be upheld. *Id.*

The parties agree that Section 19 of the Employment Agreement governs the arbitration. This section provides that:

> Any dispute that may arise between the Company [PilePro] and Executive [McShane] in reference to this Agreement or any Related Agreement, or the interpretation, application or construction thereof, and any matter, without limitation, arising out of Executive's employment with the Company, shall be . . . settled exclusively by arbitration . . . provided, however, that the Company shall be entitled

> to seek a restraining order or injunction in any court of competent jurisdiction to prevent any continuation of any violation of the provisions of Sections 5 through 8 of this Agreement [the non-compete, non-disparagement, intellectual property, and confidentiality clauses]. . . . In the event action is brought to enforce the provisions of this Agreement pursuant to this Section 19, the non-prevailing parties shall be required to pay the reasonable attorney's fees and expenses of the prevailing parties to the extent determined to be appropriate by the arbitrator or the mediator, acting in its sole discretion.

*See* Dkt. No. 12-1 at 11-12. PilePro does not object to the arbitrator's power to decide the merits of the dispute; nor does it dispute that the arbitrator was permitted to award attorney's fees. Instead, PilePro maintains that the arbitrator was not permitted to award fees (1) not personally "incurred" by the party; (2) earned as part of state litigation; and (3) entangled with other matters not before the arbitrator.

PilePro first challenges the arbitrator's award of fees not personally incurred by McShane. PilePro asserts that the fees were not within the scope of the arbitration clause because McShane's current employer, rather than McShane personally, paid the attorney's fees and thus the fees do not qualify as those "of the prevailing part[y]." This claim ignores the broad discretion granted the arbitrator to determine the appropriate attorney's fees. In reaching his conclusion on this issue, the arbitrator was at least "arguably construing" the text of Section 19. The text of the provision itself does not require that the "prevailing part[y]" be responsible for paying the fees, but rather that the fees be "of" that party. Here, the fees were earned defending McShane's interest in the employment agreement, and therefore could be interpreted as being "of" McShane—regardless of who ultimately paid the bill. Thus, the clause is at least "susceptible of [the] interpretation" tendered by the arbitrator, and is well within the scope of the arbitrator's power. *AT&T Techs.*, 475 U.S. at 650.

Second, PilePro argues that because an injunction was specifically barred from consideration by the arbitrator, awarding fees earned during that state court litigation is beyond the scope of the arbitration clause. But Section 19 places no such limit on the arbitrator's attorney's fees determination, leaving it to his "sole discretion." Additionally, the text provides for fees "[i]n the event action is brought to enforce the provisions of this Agreement pursuant to Section 19," which does not clearly limit an award to those solely earned during the arbitration. Rather, Section 19 delineates the parties' recourse to an "action" including both arbitration *and* an injunction. Thus, the arbitrator's determination that the state court litigation was part of the "action" in which McShane prevailed is not clearly outside the scope of the text of Section 19. Further, the arbitrator reasoned that the legal fees were used to litigate "similar and related issues," and that "McShane's legal positions and participati[on] in that litigation was necessary to advance or protect his claims [in the arbitration]." Dkt. No. 23-2 at 3-4. The arbitrator found that the fees earned as part of the state court litigation were necessary to McShane's interest in the arbitration and were therefore part of the "action . . . brought to enforce the provisions of this Agreement" in which fees could be awarded. This interpretation is within the scope of the text of the Agreement.

Lastly, PilePro argues that the arbitrator's reduction of the fees awarded to 66% of the fees claimed was arbitrary. Instead, PilePro argues, the arbitrator was required to request that McShane resubmit the logs with more specific information as to the matters worked on. The arbitrator had noted that McShane provided no evidence "to suggest that all of such time was germane or necessary to advance [his] arbitral claims," but in his discretion, chose to eliminate a percentage of the fees rather than go through a line-by-line analysis of the logs. Dkt. No. 23-2 at 4. Once again, this decision was within the arbitrator's discretion, and not outside the scope of the agreement.

Moreover, the reduction the arbitrator determined "appropriate" in this case was a fact determination inappropriate for judicial review. *McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 213 (5th Cir. 2016).

**B.     Manifest Disregard**

PilePro additionally argues that the arbitrator exceeded the scope of his powers in manifestly disregarding the law.[2] First, it is not entirely clear that manifest disregard of the law is still a basis on which a party may seek vacatur of an arbitration award. Following the Supreme Court's decision in *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008), the Fifth Circuit concluded that the FAA's "statutory grounds are the exclusive means for vacatur under the FAA." *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 355 (5th Cir. 2009). After *Citigroup* the Fifth Circuit has not resolved if the argument remains available as a statutory ground, under the theory that manifestly disregarding the law amounts to an arbitrator "exceeding his powers" in violation of 9 U.S.C. § 10(a)(4). *See McKool Smith,* 650 F. App'x at 212. As the court did in *McKool Smith*, the undersigned assumes here that the argument remains viable, and does not address whether that assumption is supportable under current law.

---

[2]Both parties agree that the agreement is covered by both the TAA and FAA. Under the TAA, the statute "provides the exclusive basis for vacatur of an arbitration award." *Hoskins v. Hoskins*, 497 S.W.3d 490, 497 (Tex. 2016). Because "manifest disregard" is not included in the list of grounds for vacatur, it is not a basis on which an award governed by the TAA may be set aside. *Id.*; *see also id.* at 498-500, (Willett, J., concurring) ("Participants in arbitrations governed by the TAA now know that an award can be vacated *only* under the TAA's enumerated grounds. No glosses on those statutory bases, no smuggling common law in through the back door—and no judicial intermeddling with the Legislature's carefully circumscribed bases for judicial review of an arbitration award. Exclusive means exclusive."). PilePro's argument that the award may be set aside on this ground therefore fails to the extent it is based on Texas law. As the case law regarding this argument under the FAA is less clear, however, the Court addresses the claim as one made pursuant to the FAA.

7

Regardless, demonstrating that an arbitrator manifestly disregarded the law such that an award should be vacated is extremely difficult, and is something rarely found by a court. It requires "more than error or misunderstanding with respect to the law"—it necessitates showing that "the arbitrator appreciate[d] the existence of a clearly governing principle but decide[d] to ignore or pay no attention to it." *Prestige Ford v. Ford Dealer Comput. Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003). Further, the party seeking vacatur must show that the allegedly ignored law was "well defined, explicit, and clearly applicable." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2d Cir. 1986)). And even if manifest disregard is established, relief is only allowed if enforcement of the award would result in "significant injustice." *American Laser Vision PA v. Laser Vision Inst., LLC,* 487 F.3d 255, 259 (5th Cir. 2007).

PilePro asserts two groups of arguments to support its manifest disregard claim. First, it assails the arbitrator's conclusion that PilePro's breach was not partially or fully excused by McShane's actions. In contends that the arbitrator manifestly disregarded the law to find that: (1) PilePro could not unilaterally modify McShane's salary; (2) McShane did not acquiesce in the modification of his salary by continuing to work; (3) McShane's failure to give thirty days notice before quitting did not bar his claim; and (4) McShane did not breach the non-compete clause. Second, PilePro argues that the arbitrator manifestly disregarded the law in awarding McShane attorney's fees that (1) were paid by his employer; (2) were part of the state litigation; and (3) were entangled with other matters. As is seen below, none of these arguments meet the very high standard for vacatur of the award.

1. **Breach of Contract**

PilePro alleges four errors by the arbitrator on the breach of contract finding. However, the majority of these objections "are essentially challenges to the factual findings of the arbitrator." PilePro overlooks the fact that in reviewing an arbitration award a court must "refrain from commenting on the correctness or incorrectness of the arbitrator's factual findings." *McKool Smith, P.C.*, 650 F. App'x at 213 (quoting *Local Union 59, Int'l Bhd. of Elec. Workers, AFL-CIO v. Green Corp.*, 725 F.2d 264, 268 (5th Cir. 1984)).

PilePro contends that the employment agreement permitted it to unilaterally alter McShane's salary, and the arbitrator's conclusion to the contrary manifestly disregarded the law. But the conclusion by the arbitrator was not based on any particular legal doctrine, and PilePro cites no law it alleges the arbitrator disregarded in making this interpretation. Instead, it points solely to the terms of the contract. While the construction of a contract is a question of law, an arbitrator's discretion in interpreting a contract is extremely broad. Even "serious error" is not a basis for overturning an arbitrator's decision. *E. Associated Coal Corp.*, 531 U.S. at 62. PilePro has utterly failed to show that the arbitrator's contract interpretation was so erroneous that it qualifies as being in manifest disregard of the law.

The case is similar with regard to the arbitrator's finding that McShane did not waive his objection to the modification of his salary. Specifically, the arbitrator found that McShane had not "agreed or acquiesced" to the modification, and therefore that he did not waive his right to object to it. Dkt. No. 23-1 at 4. This is plainly a finding of fact. To the extent that PilePro argues that the arbitrator manifestly disregarded controlling law in making this conclusion, its argument falls far short. The Texas Supreme Court has held that modification of a contract "is a question of fact" and

that the "employer asserting a modification must prove that he unequivocally notified the employee of definite changes in employment terms." *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986). Here, the arbitrator found that PilePro did not "unequivocally" notify McShane of permanently changing the salary, finding instead that PilePro merely meant to "*delay* paying McShane his monthly salary." Dkt. No. 23-1 at 4 (emphasis in original). This is plainly a finding of fact reserved to the arbitrator, and under black letter law must remain undisturbed by a court.

PilePro next complains of the arbitrator's decision that McShane's breach of the agreement by not providing thirty days notice before leaving PilePro did not bar McShane's breach of contract claim. PilePro contends that clearly governing law provides that a party in breach cannot maintain a suit for breach. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). This is not a full statement of the law, however. The Fifth Circuit (relying on Texas contract law) has permitted a party in breach to recover damages when the other party "had breached [the contract] first." *Info. Commc'n Corp. v. Unisys Corp.*, 181 F.3d 629, 632-33 (5th Cir. 1999) (citing *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685 (Tex. 1981)). The arbitrator found that PilePro breached the contract by failing to pay McShane his salary, and McShane's subsequent "breach" in failing to give thirty days' notice did not bar his recovery under the contract. Even if the Court were to accept PilePro's argument that the arbitrator misapplied the law in reaching this conclusion, this is a far cry from demonstrating that he actively disregarded the law.

PilePro's final argument on this point again attempts to complain of fact findings, specifically three distinct findings of the arbitrator: (1) McShane was not in breach of the non-compete clause, (2) McShane had not usurped a business opportunity, and (3) these actions had not damaged PilePro. Again, PilePro presents no legal authorities to support its proposition that the arbitrator manifestly

disregarded the law when he made these fact findings. To repeat the point again, to demonstrate manifest disregard a party must first identify a "clearly governing [legal] principle" that is "well defined, explicit, and clearly applicable." *Prestige Ford* 324 F.3d at 395. PilePro completely fails to do so here. A finding of fact by an arbitrator is simply not challengeable on this basis.

Moreover, it is clear that, at the very least, the arbitrator attempted to apply the law—whether he did so correctly or incorrectly is an inappropriate determination for this court. Therefore, even if manifest disregard remains as a valid basis for vacatur, PilePro is unable to establish that the arbitrator ignored clearly defined law in his conclusions regarding the breach of contract claims.

### 2. Attorney's Fees

PilePro's complaints regarding the attorney's fees award suffer from the same deficiencies. PilePro first objects to the fees award because the fees were paid by McShane's current employer. But the arbitrator considered the case law provided by PilePro to determine when a person may recover fees not personally paid by the party. The arbitrator cited to, and distinguished, the cases, noting that each interpreted the word "incurred," which was not included in this arbitration agreement. Dkt. No. 23-2 at 6 (citing *Garcia v. Gomez*, 319 S.W.3d 638, 642-43 (Tex. 2010); *Jackson v. S.O.A.H.*, 351 S.W.3d 290, 299 (Tex. 2011); and *Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009)). The arbitration clause here discussed attorney's fees "*of* the prevailing parties," whereas the statutes at issue in the above cases allowed for attorney's fees "incurred" by the prevailing party. The arbitrator found the use of the word "of" rather than "incurred" distinguished those cases. The arbitrator quite plainly did not ignore clearly defined law. PilePro's argument disputes the merits of his decision, and falls well short of showing the "serious error" required to overturn an arbitrator's decision. *E. Associated Coal Corp.*, 531 U.S. 57 at 62.

PilePro next objects to the arbitrator's award of attorney's fees that had been incurred during state court litigation. PilePro fails to cite to any law clearly holding that the arbitrator was not permitted to award fees from the state court litigation. *See* Dkt. No. 24 at 8. In fact, the only case cited by PilePro on this issue is *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997). PilePro contends that *Arthur Anderson* holds that the "award of attorney's fees in a case extends only [to] the attorneys' fees in that case." Dkt. No. 12 at 11. However, in *Arthur Anderson*, the court gave seven factors for courts to consider in granting attorney's fees, merely noting that the factors were to assist courts in determining whether the fees were "both reasonably incurred and necessary to the prosecution of the case at bar." 945 S.W.2d at 818. Nowhere does the case state that a court can only award fees incurred during that particular case. In fact, the arbitrator considered *Arthur Anderson* and found that the fees here were "*necessary* to advance or protect [McShane's] claims" in the arbitration. Dkt. No. 23-2 at 3 (emphasis added). As discussed previously, the arbitrator found that PilePro had raised matters, including claims for damages, in state court litigation that should have been before the arbitrator, or at the very least affected matters appropriately before the arbitrator. As the arbitrator was applying the very case that PilePro cites to, it is difficult to see how the arbitrator intentionally ignored the law.

PilePro additionally argues that the arbitrator manifestly disregarded the law by arbitrarily reducing the fees by 34% rather than making a line-by-line determination as to each item in McShane's logs. Namely, PilePro argues that the arbitrator manifestly disregarded the law by not requiring McShane to resubmit its logs to more clearly define which fees were assessed for matters in the arbitration as opposed to other matters on which the attorneys worked. However, PilePro fails to cite to any legal authority making the arbitrator's approach impermissible, or that he was

12

otherwise aware of an ignored. Indeed, the arbitration clause gave the arbitrator "sole discretion" to award fees. His determination that 66% of the fees were attributable to the arbitration was a factual matter within his discretion.

**C.      Modification of Award**

Finally, PilePro moves to modify the arbitration award under both the TAA and the FAA. Both statutes allow for modification of an award when there is "an evident miscalculation of numbers" or when the arbitrator made an award on matters not submitted to him. TEX. CIV. PRAC. & REM. CODE § 171.091; 9 U.S.C. § 11 (allowing for modification when there is "an evident miscalculation of figures"). Here, PilePro makes the same arguments as were addressed in the previous two sections, namely that the arbitrator improperly awarded fees (1) for legal services provided by McShane's employer, (2) for matters submitted to the state court, and (3) for matters unrelated to the arbitration.

First, there is not an evident miscalculation of the award. Courts have only found an evident miscalculation of figures when "the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award." *Woods v. P.A.M. Trans. Inc.-L.U.*, 440 F. App'x 265, 269-70 (5th Cir. 2011) (quoting *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 396 (5th Cir. 2003)); *cf. Atlantic Aviation, Inc. v. EBM Grp., Inc.*, 11 F.3d 1276, 1284 (5th Cir. 1994) (modifying the arbitration award when the mistake was "in essence a clerical error" rather than a substantive choice made by the arbitrator); *Sydow v. Verner, Liipfert, Bernhard, McPherson and Hand, Chartered*, 218 S.W.3d 162, 170 (Tex. App.–Houston [14th Dist.] 2007) (allowing modification under the TAA when it was a "mere error of form not affecting the merits of the

13

controversy"). This is clearly not the case here. PilePro has not pointed to an undisputed mistake of fact in the record; rather, it points to a number of disputed facts about which the arbitrator made a substantive decision on the merits. *See Magnum Gas Pipeline, LLC v. Silver Oak Operating, LLC*, No. 11-0056, 2015 WL 1888517, at *6 (W.D. La. Apr. 24, 2015).

Similarly, the arbitrator did not award on matters not submitted to him. A court "must sustain an arbitration award . . . as long as the arbitrator's decision 'draws its essence' from the contract." *Clarke's Allied, Inc. v. Rail Source Fuel, LLC*, 2015 WL 5635273, at *2 (E.D. Tex. Sept. 24, 2015) (quoting *Timegate Studios, Inc. v. Southpeak Interactive, LLC*, 713 F.3d 797, 802 (5th Cir. 2013)); *cf. Monday v. Cox*, 881 S.W.2d 381, 385 (Tex. App.–San Antonio 1994) (holding that under the TAA "courts may modify an arbitrator's award only if the issue to be modified was not submitted to him"). As the arbitration agreement explicitly granted the arbitrator the power to decide attorney's fees in his sole discretion, the award of fees is far from an award on "matters" not submitted to him. *See Vandenavond v. i2 Techs., Inc.*, No. 3:08-CV-1000, 2008 WL 5336300, at *4 (N.D. Tex. Dec. 19, 2008) (applying a "broad interpretation of the word 'matter'").

## IV. CONCLUSION

When a party contracts for an arbitrated determination of a legal dispute, it gives up important appellate rights. PilePro is not a legal novice, but rather is a business with legal counsel, and knew this when it signed the contract with McShane. Indeed *it* drafted the agreement containing the arbitration provision. Dkt. No. 23 at 11. Given this background, PilePro's attempt here to spin well-settled law to have its motion to vacate do service as a conventional appeal is nothing short of disingenuous. It has failed rather poorly to carry the heavy burden of a party seeking to vacate an arbitration award.

## V. RECOMMENDATION

Therefore, the Court **RECOMMENDS** that the District Judge **GRANT IN PART and DENY IN PART** McShane's Petition to Confirm Arbitration Award (Dkt. No. 1), and **DENY** PilePro's Counter-Petition for Partial Vacatur or Modification of Arbitration Award (Dkt. No. 12).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of April, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE